**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JOHN HOPKINS, III, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>GIANT OF MARYLAND LLC, *et al.*,<br><br>    Defendants. | Case No. 25-cv-0531-RJL-MJS |

## <u>MEMORANDUM ORDER</u>

The matter is before the Court on Defendant Giant of Maryland LLC's ("Giant") Partial Consent Motion for Leave of Court to Depose Inmate Alexander Adams (ECF No. 62). As background, this case stems from a violent assault against Plaintiffs outside a Giant supermarket in Northwest D.C. Through their operative complaint, Plaintiffs John and Claudia Hopkins assert negligence-based claims against Giant and a variety of other defendants, including the property-management company for the premises and several security companies. (*See generally* ECF No. 22, Second Am. Compl.) Mr. Adams is reportedly the person who assaulted Plaintiffs, and he is currently incarcerated and serving a criminal sentence after he was convicted in D.C. Superior Court on charges stemming from the incident. (*See id.* ¶¶ 22–33.)[1] Giant wants to depose Mr. Adams in connection with its defense against Plaintiffs' claims in this civil case, on the basis that he "is the central figure in the events giving rise to this litigation." (ECF No. 62 at 1.) For their part, Plaintiffs do not object to the deposition as a general matter, but they ask the Court to impose

---

[1] It appears that the charges are associated with D.C. Superior Court Case No. 2022 CF3 001114. Per that docket, Mr. Adams pleaded guilty to one count of Aggravated Assault Knowingly of a Senior Citizen, and in January 2024, he was sentenced to 96 months of incarceration followed by 3 years of supervised release.

several limitations and parameters on any deposition, including by: (1) appointing counsel to represent Mr. Adams for purposes of the deposition; (2) prohibiting certain lines of inquiry; (3) placing time limits and other procedural restrictions on the nature of the questioning; and (4) somehow compelling the production of Mr. Adams' "complete mental health records" prior to the deposition. (*See* ECF No. 65.) For the reasons that follow, the Court **GRANTS** Giant's request to depose Mr. Adams, subject to a few parameters proposed by Plaintiffs. But as for most of Plaintiffs' requests, the Court finds that they are unwarranted, unsupported, or both.

The Federal Rules of Civil Procedure require that a party "must obtain leave of court" to proceed with a deposition in certain enumerated scenarios, including when "the deponent is confined in prison." Fed. R. Civ. P. 30(a)(2)(B). Under Rule 30(a)(2), "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)," which in turn necessitates an assessment of whether the requested discovery is "relevant" and "proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), and whether the requested discovery is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," Fed. R. Civ. P. 26(b)(2)(C). Put another way, Rule 30(a)(2) contemplates that a court should generally authorize the requested deposition unless it finds—typically, but not necessarily, in response to an argument from an objecting party—that the deposition implicates discovery that would be irrelevant, disproportional to the needs of the case, unreasonably cumulative, or otherwise available from a more appropriate source.

Applying these principles here, the Court concludes that Giant should be granted leave to conduct an appropriately targeted deposition of Mr. Adams. Most significantly, neither Plaintiffs nor any other party objects to or opposes Giant's request as a general matter. More, although the Court is not endorsing Giant's characterization of Mr. Adams as the "central figure" bearing on

Plaintiffs' negligence claims—which, of course, implicate questions well beyond Mr. Adams' individual culpability—it is not difficult to see how Mr. Adams might have at least some relevant information given his involvement in the underlying incident. Further, the Court will impose appropriate limits on the deposition to help ensure that the testimony elicited from Mr. Adams— and the deposition process overall—remains proportional to the needs of the case.

The main concern raised by Plaintiffs is that Mr. Adams might be prejudiced by the deposition to the extent that counsel may ask questions that risk eliciting self-incriminating responses from Mr. Adams. But given the Court's expectation that the deposition will focus principally (if not entirely) on the facts and circumstances surrounding the underlying attack against Plaintiffs, and given that Mr. Adams already pleaded guilty to a criminal-assault charge stemming from that attack, it would seem that Plaintiffs' self-incrimination concerns are significantly overblown. *Cumis Ins. Soc'y, Inc. v. Clark*, 318 F. Supp. 3d 199, 214–15 (D.D.C. 2018) ("[T]he privilege against self-incrimination ceases to apply once a witness has been convicted of the offense with respect to which he fears incrimination.") (quoting *United States v. Pardo*, 636 F.2d 535, 543 (D.C. Cir. 1980)). And in any event, any lingering self-incrimination concerns can be mitigated by the fact that Mr. Adams, like all deponents, can invoke his Fifth Amendment right against self-incrimination on a question-by-question basis to the extent he has legitimate grounds to do so—*i.e.*, as to testimony "concerning other matters or transactions not included in his conviction or plea arrangement." *Id.* at 215 (quoting *Pardo*, 636 F.2d at 544). To ensure Mr. Adams is fully aware of this dynamic, the Court will require counsel to remind Mr. Adams of his Fifth Amendment rights at the outset of the deposition (as part of the other preliminaries covered on the record) and to promptly serve a copy of this Memorandum Order on Mr. Adams' prior counsel of record in the criminal proceedings related to the underlying events.

The Court will not, however, appoint counsel (or a guardian *ad litem*) to represent Mr. Adams in connection with the deposition. Even for parties themselves, there is no guaranteed right to counsel in civil litigation, *see Willis v. FBI*, 274 F.3d 531, 532 (D.C. Cir. 2001), and Plaintiffs fail to identify any on-point authority that would support their request for court-appointed counsel for the benefit of a third-party witness in this instance. Nor will the Court grant Plaintiffs' request to compel the production of Mr. Adams' "complete mental health records" based on their argument that because Mr. Adams assertedly suffers from bipolar disorder, Plaintiffs need to "know about [his] current mental health status, including his mental health treatment while in prison, and the medications with which he is being or has been treated in order to properly and fairly cross-examine him." (ECF No. 65 at 4.) Setting aside that Plaintiffs point to zero authority whatsoever that would arguably empower the Court to grant their invasive proposal, the Court is decidedly unconvinced that Plaintiffs truly need the information identified for the reasons they suggest.

Finally, the Court will impose some practical limits on the logistical parameters of the deposition. The Court will limit the deposition to a total of three hours on the record, as Plaintiffs suggest—with Giant and the other Defendants collectively being allowed two total hours on the record to be divided among counsel as they see fit (or devoted to questioning from one counsel, if Defendants decide that is preferable), leaving Plaintiffs' counsel one hour on the record for examination and follow-up. The Court will not otherwise restrict the topics or questions that counsel may pose, but given the limited time permitted for questioning, the Court expects that counsel will tailor and focus their questions to appropriately relevant and germane matters.

Accordingly, the Court hereby **ORDERS** as follows:

1. Pursuant to Fed. R. Civ. P. 30(a)(2)(B), the parties are permitted to depose Alexandar Adams for a single, three-hour deposition on the record. Counsel shall confer with one another and the appropriate official(s) at the institution where Mr. Adams may be confined, which is reportedly U.S. Penitentiary Coleman II, on an

4

appropriate location, time, and date for the deposition. The parties are authorized to proceed with the deposition by video conference or telephonically, depending on the logistical capabilities of the relevant institution.

2. At the outset of the deposition, counsel shall remind Mr. Adams on the record that he has a Fifth Amendment right against self-incrimination and that he may invoke that right, as necessary, on a question-by-question basis if he has a legitimate ground to do so.

3. Counsel for Giant and the other Defendants are collectively limited to two hours of questioning on the record, divided as they see fit. Plaintiffs' counsel is limited to one hour of questioning on the record for relevant examination and follow-up.

4. Counsel for Giant shall promptly serve a copy of this Memorandum Order on Mr. Adams' prior counsel of record in the criminal proceedings related to the underlying events (D.C. Superior Court Case No. 2022 CF3 001114).

**SO ORDERED.**

Dated: July 29, 2026

MATTHEW J. SHARBAUGH
United States Magistrate Judge

5